IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MARVIN DAVID ANDERSON                                    PLAINTIFF


        v.                          CIVIL NO. 11-5135


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                          DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Marvin David Anderson, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review,

the Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

        Plaintiff protectively filed his current applications for DIB on October 16, 2008, alleging

an inability to work since June 1, 2005, due to a herniated disc, degenerative disc disease, and

neuropathy of the feet.[1]  (Tr. 114-115, 130).  For DIB purposes, Plaintiff maintained insured

status through December 31, 2009.  (Tr. 10, 116).  An administrative hearing was held on

---

[1] At the February 2, 2010 administrative hearing, Plaintiff, through his counsel amended is alleged onset date to April 30, 2007.  (Tr. 10, 22).

-1-

February 2, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 18-43).

By written decision dated April 7, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the back and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found that during the relevant time period Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry ten pounds and frequently lift/carry less than ten pounds, sit for six hours in an eight-hour workday, and stand/walk for two hours in an eight hour workday. He can occasionally climb, balance, crawl, kneel, stoop, and crouch, and occasionally work overhead.

(Tr. 13). With the help of a vocational expert, the ALJ determined that during the relevant time period Plaintiff could perform work as a lamp shade assembler, a compact assembler, a fishing reel assembler, an escort vehicle driver, and a charge account clerk. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 4, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

## III.    Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because: 1) the ALJ did not analyze Plaintiff's credibility appropriately; 2) the ALJ improperly determined Plaintiff's residual functional capacity; and 3) Plaintiff cannot perform the jobs identified in Step Five.

### A.    Insured Status:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2009. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of April 30, 2007, his amended alleged onset date of disability, through December 31, 2009, the last date he was in insured status under

-4-

Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death.  Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984).  Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  As pointed out by the ALJ, the evidence of record

-5-

revealed that Plaintiff did not seek on-going and consistent treatment for his alleged disabling impairments. See Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment was inconsistent with allegations of pain).

The medical evidence revealed that Plaintiff sought treatment for his back and leg pain in 2001 and 2005, but then did not seek treatment again until November of 2008, when he underwent a consultative general physical examination performed by Dr. Randy Conover. (Tr. 219). After examining Plaintiff, Dr. Conover opined that Plaintiff had moderate limitations in walking, standing and carrying; and mild limitations in sitting and lifting. Plaintiff did not seek treatment again until January 5, 2009, when he presented to Dr. Ronald Bertram's office to establish care as Plaintiff wanted to obtain a handicap sticker for parking. (Tr. 283). At that time Plaintiff was noted to be nontender to palpation; to have spasms over the "Traps/Rhomboids/Paraspinous muscles;" to be nontender to palpation over the bony prominence; to have a normal range of motion throughout; to have negative straight leg raises and symmetrical deep tendon reflexes; and to have a normal gait. Dr. Bertram gave Plaintiff a certificate to receive a handicap sticker noting that Plaintiff could not walk 100 feet without stopping to rest. (Tr. 285). Dr. Bertram also recommended that Plaintiff not lift over ten pounds; and that he avoid a twisting or bending motion for two weeks. Plaintiff was to return in one month if he was not back to normal. The record failed to show that Plaintiff returned to Dr. Bertram's office. Thus, while Plaintiff may indeed experience some degree of pain due to his back impairments, the Court finds substantial evidence of record supporting the ALJ's finding that Plaintiff does not have a disabling back impairment. See Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997) (upholding ALJ's determination that claimant was not disabled even though

-6-

she had in fact sustained a back injury and suffered some degree of pain).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

With regard to activities of daily living, the record showed that Plaintiff completed a Function Report dated November 10, 2008, indicating that while he experienced pain, he was able to take care of his personal needs; prepare simple meals for lunch; to go outside most days two to three times; to drive a car and go out alone; to shop for groceries while using an electric cart; and to go on sight seeing drives with his wife on some weekends. (Tr. 147-148, 153-159).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations during the relevant time period, the ALJ considered the medical assessments of the non-examining agency medical consultants; the consultative examiner's assessment; Plaintiff's subjective complaints; and his medical records.  With regard to Plaintiff's obesity, the ALJ noted that obesity may have an adverse impact upon Plaintiff's co-existing impairments, and indicated that he considered any limitations associated with obesity when determining Plaintiff's RFC. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

### D.    Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a

-8-

whole. Goff v. Barnhart, 421 F.3d 785, 794 (8ᵗʰ Cir. 2005).   Accordingly, the Court finds that

the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion

that during the relevant time period Plaintiff's impairments did not preclude him from performing

work as a lamp shade assembler, a compact assembler, a fishing reel assembler, an escort vehicle

driver, and a charge account clerk.   Pickney v. Chater, 96 F.3d 294, 296 (8th Cir.

1996)(testimony from vocational expert based on properly phrased hypothetical question

constitutes substantial evidence).

IV.   **Conclusion:**

        Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be

dismissed with prejudice.

        DATED this 22nd day of October, 2012.


                              /s/ Erin L. Setser
                              HON. ERIN L. SETSER
                              UNITED STATES MAGISTRATE JUDGE

-9-

AO72A
(Rev. 8/82)